IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID NATHAN CYPHER, | ) |
| Plaintiff, | ) |
| vs | ) Civil Action No. 2:23-1428 |
| J.V. MANUFACTURING CO., INC., et al., | ) Magistrate Judge Patricia L. Dodge |
| Defendants. | ) |

**MEMORANDUM OPINION**

In this action, Plaintiff David Nathan Cypher alleges that he was subjected to disability discrimination and retaliation. He asserts that his claims arose because he was terminated from his employment with J.V. Manufacturing Company, Inc. ("JVM") when he attempted to return to work following leave taken under the Family and Medical Leave Act. In addition to JVM, Plaintiff names as Defendants the company's president, Ryan Vecchi, and its vice president, Melissa Vecchi (together, "the Vecchis").

Pending before the Court is a motion filed by Plaintiff (ECF No. 102), requesting that the Court reconsider its August 14, 2024 Memorandum Opinion (ECF No. 73) and Orders (ECF Nos. 74, 75) insofar as they granted Defendants' motions to dismiss Counts I and II of Plaintiff's Third Amended Complaint. For the reasons that follow, Plaintiff's motion will be denied.

**I.   Relevant Procedural History**

Plaintiff commenced this action in August 2023. Plaintiff has amended his Complaint three times in response to motions to dismiss asserted by Defendants. The operative complaint is the Third Amended Complaint ("TAC") which was filed on April 3, 2024 (ECF No. 56).[1]

---

[1] In granting Plaintiff's motion to file the TAC, the Court explicitly stated that no further amendments would be allowed. (ECF No. 54 at 3.)

The TAC alleged claims of disability discrimination in violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12101-12117 ("ADA") and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-63 ("PHRA") (Count I), failure to accommodate in violation of the ADA and the PHRA (Count II), retaliation and wrongful termination in violation of the ADA and the PHRA (Count III), and interference and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601-54 ("FMLA") (Count IV).

JVM subsequently filed a motion to dismiss the TAC (ECF No. 58). Because the TAC included the same claims against the Vecchis as stated in the Second Amended Complaint, they advised the Court in a Notice (ECF No. 57) that they intended to proceed with their previously filed motion to dismiss the Second Amended Complaint (ECF No. 43).

On August 14, 2024, the Court issued a Memorandum Opinion (ECF No. 73) and Orders (ECF Nos. 74, 75) that granted the motions to dismiss in part and denied them in part. As relevant to the current motion for reconsideration, the Court granted Defendants' motions with respect to Counts I and II of the TAC, namely the disability discrimination and failure to accommodate claims that Plaintiff asserted under the ADA and the PHRA, and dismissed these counts.

Plaintiff filed a motion for reconsideration (ECF No. 102) on February 13, 2025, in which he seeks reinstatement of Counts I and II of the TAC. His motion has been fully briefed (ECF No. 106).

II. **Standard of Review**

According to Plaintiff, he seeks reconsideration of the dismissal of Counts I and II of the TAC based on an intervening change in controlling law, namely, a decision issued by the Court

2

of Appeals for the Third Circuit on September 4, 2024, *Morgan v. Allison Crane & Rigging LLC*, 114 F.4th 214 (3d Cir. 2024) ("*Morgan*").[2]

Courts frequently state that a party seeking reconsideration must show at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). *See also Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

However, a motion for reconsideration of an interlocutory order, such as a grant or denial of a motion to dismiss, is governed by Rule 54(b), which states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Thus, "[t]he court may permit reconsideration whenever 'consonant with justice to do so.'" *Nyamekye v. Mitsubishi Elec. Power Prod., Inc.*, 2018 WL 3933504, at *3 (W.D. Pa. Aug. 16, 2018) (Conti, C.J.) (quoting *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016)). *See also State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 406 & n.14 (3d Cir. 2016) ("the District Court has the inherent power to reconsider prior interlocutory orders" and to "reconsider them when it is consonant with justice to do so.")

Nevertheless, "[t]he Rule 54(b) standard, while less rigorous, is not without teeth [and] a movant must still establish good cause for why the court should revisit its prior decision."

---

[2] As discussed herein, however, while this is the only stated ground for reconsideration, Plaintiff's motion is not confined to seeking reconsideration based on the *Morgan* decision.

*Michalek v. Nationwide Mut. Fire Ins. Co.*, 2022 WL 1782503, at *2 (W.D. Pa. June 1, 2022).[3]

### III. Discussion

#### A. Temporary Impairment

Plaintiff argues that, based on the holding in *Morgan*, this Court must reconsider its dismissal of the disability discrimination and failure to accommodate claims under the ADA and PHRA in Counts I and II and reinstate these claims.

In *Morgan*, the district court found that because the plaintiff's back injury was a temporary impairment of short duration, he failed to establish a disability under the ADA. On appeal, the Third Circuit held that as a result of the enactment of the ADA Amendments Act of 2008 ("ADAAA"), "temporary impairments can qualify as an actual disability under the ADA." 114 F.4th at 221. Thus, it concluded, the plaintiff had made a prima facie showing of an ADA disability because his back pain, although temporary, substantially limited his ability to perform major life activities as compared to most people in the general population.

Plaintiff argues that this holding compels reconsideration of the Court's dismissal of Counts I and II. As Defendants note in their response, however, the Court did not premise its decision on the temporal scope of Plaintiff's alleged disability or find that that a limited temporal scope precluded him from claiming that he was "disabled" within the meaning of the ADA and the PHRA.[4] In fact, the Opinion includes no discussion of this issue. Rather, the Court held that,

---

[3] Defendants note that § II(I) of the undersigned's Practices and Procedures requires that "motions for reconsideration must be filed within seven days of the order at issue." Plaintiff acknowledges this provision but contends that his motion is based on a change in controlling law after the Court dismissed Counts I and II. He is correct that to the extent the motion is based on a subsequent change in the controlling law, the fact that it was filed more than seven days after the Court's Orders were issued is not dispositive.

[4] The Court stated in its Opinion that PHRA claims should not necessarily be evaluated under the relaxed standards of the ADAAA because the PHRA was not similarly amended. (ECF No. 73 at 9 n.7.) The *Morgan* case rejected this distinction, stating that, "Absent an act of the Pennsylvania

based upon the allegations of the TAC, Plaintiff had failed to state a claim that he was disabled.

Plaintiff also contends that the Court "declined to consider Plaintiff's allegations regarding JVM's failure to engage in the interactive process, as required under the ADA." (ECF No. 102 at 10.) He argues that "[t]his failure to engage in any dialogue about potential accommodations—including job-protected ADA leave—is itself a violation of the ADA." (*Id.*)

*Morgan* reiterated that a "regarded as" disability does not apply to an impairment that is transitory and minor. The Court specifically noted this in its Opinion[5] but did not further discuss temporal scope in this context. Rather, the Court noted that Plaintiff did not claim in the TAC that JVM regarded him as disabled. Instead, he alleged that when the Vecchis received photographs and videos that they interpreted as showing him to be in good health, they decided to terminate him, citing his alleged "misrepresentation of his ability to return to work."

Plaintiff also argues that JVM's insistence that he had to obtain a fitness-for-duty certification in order to return to work demonstrates that it must have regarded him as disabled.[6] However, the Court rejected this argument in its Opinion (ECF No. 73 at 11-12) and nothing in the *Morgan* case alters that result.

Moreover, the Court specifically noted that "a 'regarded as' claim cannot support a failure to accommodate, 42 U.S.C. § 12201(h). *See Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 188 n.30 (3d Cir. 2019)." (ECF No. 73 at 12 n.8.)

---

legislature or guidance from Pennsylvania courts that the ADAAA is inconsistent with the PHRA, federal courts should continue to interpret the PHRA in harmony with the ADA." 114 F.4th at 220 n.21. However, this development does not change the result in this case.
[5] ECF No. 73 at 10 (quoting 42 U.S.C. § 12102(3)(B)).
[6] Regulations under the FMLA allow employers to request fitness-for-duty certifications from employees returning from FMLA leave. *See* 29 C.F.R. § 825.312. As alleged in the TAC, JVM's Handbook also requires a certification from an employee's healthcare provider that the employee is able to resume work after a serious health condition. Thus, absent other allegations, requiring such a certification fails to support a claim that the employer regarded the employee as disabled under the ADA.

The Court concluded in its prior ruling that the allegations in the TAC did not state a claim in Counts I and II. Plaintiff did not seek reconsideration of this decision until well after the issuance of the *Morgan* decision. At any rate, Plaintiff has failed to connect the holding of the *Morgan* case to the facts pleaded in the TAC or the basis for the Court's conclusions. Thus, while the *Morgan* case represents a change in controlling law with respect to disability discrimination claims, it does not affect the result in this case.

### B. Other Arguments

Plaintiff also attempts to base his motion for reconsideration on several other issues that are not related to the holding in *Morgan,* including his contention that the Court erred when it stated that he had not identified any major life activities that were substantially limited by his disability and the issue of "regarded as" disability. Plaintiff also attempts to rely on allegations in Defendants' counterclaims to support his claim that JVM regarded him as disabled (ECF No. 102 at 11-12). These counterclaims were filed in August, 2024 and have since been dismissed.

Asking for reconsideration on these grounds six months after the Court's Opinion was issued is contrary to the seven-day requirement in the Court's Practices and Procedures. Notably, while the Court would certainly consider a reasonable explanation for such a delay in seeking reconsideration, Plaintiff has failed to do so, and thus, the Court declines to consider these untimely arguments.

## IV. Conclusion

Plaintiff has failed to demonstrate that the Court's dismissal of Counts I and II of the TAC must be reconsidered as a result of the *Morgan* holding, and his remaining arguments are untimely. Therefore, his motion for reconsideration will be denied.

An appropriate order will follow.

Dated: March 11, 2025                             /s/ Patricia L. Dodge
                                                  PATRICIA L. DODGE
                                                  United States Magistrate Judge